# **EXHIBIT 1**

## **Stipulation**

4898-3043-4051, v. 1

**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| In re:<br><br>MOXION POWER CO.,<br><br>Debtor. | Chapter 7<br><br>Case No. 24-11835 (BLS) |

**STIPULATION BY AND BETWEEN CHAPTER 7 TRUSTEE
AND THE AXIS PARTIES**

This stipulation (the "Stipulation") is entered into by and between: (i) David W. Carickhoff, solely in his capacity as the chapter 7 trustee (the "Trustee") of the bankruptcy estate (the "Estate") of the above-captioned debtor (the "Debtor") and (ii) Axis IOS LLC ("Axis"), 4441 E. 52ND Street, LLC ("52ND Street"), and 8579 San Fernando Road LLC ("San Fernando" and collectively with Axis and 52ND Street, the "Axis Parties"). The Axis Parties and the Trustee are collectively referred to herein as the "Parties" and each a "Party."

**RECITALS**

WHEREAS, On August 12, 2024 (the "Petition Date"), the Debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code in the United States Bankruptcy Court for the District of Delaware (the "Court"). David W. Carickhoff has been appointed as trustee of the Debtor's Estate pursuant to Bankruptcy Code section 701(a).

WHEREAS, prior to the Petition Date, the Debtor or its affiliates entered into the following non-residential real property leases: (i) a lease with 52ND Street as lessor (the "52nd Street Lease") for property located at 4441 E 52nd Street, Vernon, CA 90270 (the "Vernon Premises") and (ii) a lease with San Fernando as lessor (the "San Fernando Lease" and together with the 52nd Street Lease, the "Leases") for the property located 8579 San Fernando Road, Sun Valley, CA 91352 (the "Sun Valley Premises," and together with the Vernon Premises, the "Premises").

1

WHEREAS, prior to the Petition Date, the Axis Parties purported to terminate the Leases and exercise certain remedies in connection therewith.

WHEREAS, prior to the Petition Date, the Debtor operated a rental business (the "Rental Business"), where the Debtor rented Mobile Power Units ("MPUs") to customers.

WHEREAS, both prior to and after the Petition Date, MPUs associated with the Rental Business were stored on the Premises.

WHEREAS, on September 30, 2024, the Court entered an Order approving the sale of certain assets related to the Rental Business, including the MPUs located at the Premises, to Viridi Parente, Inc. ("Viridi").  On October 7, 2024, the Trustee and Viridi closed on the sale of the Rental Business assets.

WHEREAS, the Axis Parties assert they are entitled to payment of administrative expenses from the Estate in excess of $1.3 million for the period from the Petition Date through October 2024, in connection with, among other things, the storage of the MPUs at the Premises.  The Trustee has disputed such assertions.

WHEREAS, the Parties have engaged in arms'-length negotiations and have resolved all of the foregoing, pursuant to the terms of this Stipulation.

WHEREAS, the Parties intend that the full terms and conditions of their resolutions be set forth in this Stipulation.

**STIPULATIONS**

NOW THEREFORE, it is hereby stipulated and agreed by and among the Parties, subject to Court approval, as follows:

1. Incorporation of Recitals.  The Recitals set forth above are incorporated herein by reference and are made an integral part of this Stipulation.

2.       Effective Date.  This Stipulation shall be effective (the "Effective Date") upon the entry of a final non-appealable Order by the Court approving this Stipulation. The Stipulation shall be null and void if the Effective Date shall fail to occur for any reason.

3.       Payment to Axis Parties/Satisfaction of Axis Party Administrative Claims.  The Trustee shall pay the Axis Parties, from funds available in the Estate, $50,000.00 (the "Settlement Payment"), in full and final satisfaction of any administrative expense claims the Axis Parties may have or assert against the Trustee, the Debtor and/or the Estate (whether arising under section 365(d)(3) or 503(b) of the Bankruptcy Code or otherwise).  The Trustee shall make the Settlement Payment by wire or check, at the Trustee's discretion, within the later of (i) thirty (30) of the full execution of this Stipulation by the Parties and the (ii) the Effective Date.  Upon receipt of the Settlement Payment, neither the Axis Parties nor their affiliates shall have or assert any administrative expense of any kind or nature or any secured claim against the Trustee, the Debtor, and/or the Estate and all such claims shall be deemed waived and released.

4.       Release of Certain Claims by Trustee.  Subject to the occurrence of the Effective Date, the Trustee, on behalf of the Debtor and the Estate, hereby releases any claims against the Axis Parties and/or their respective affiliates in connection with the Axis Parties' purported prepetition termination of the Leases and their exercise of any remedies in connection therewith.

5.       No Release of General Unsecured Claims.  Nothing herein shall be construed as a release of any general unsecured non-priority claims that the Axis Parties or their respective affiliates may assert against the Debtor or the Estate.  All Parties' rights with respect to any such claims are hereby reserved.

6.       Abandonment of Remaining Unsold Property at Premises.  Upon the Effective Date, the Estate's right, title and interest in and to any personal property remaining at the Premises,

which was not sold to Viridi in connection with the Court approved sale of the Rental Business, shall be abandoned to the Axis Parties.

7. <u>No Imputation of Utility Obligation on Axis Parties</u>. Nothing in this Stipulation shall obligate the Axis Parties, or any or any of their respective affiliates, to satisfy any utility obligations, if any, of the Debtor or its affiliates relating to the Premises.

8. <u>Entire Agreement</u>.  This Stipulation constitutes the entire agreement between the Parties with respect to the subject matter hereof and supersedes all prior and contemporaneous oral and written agreement and discussions.  This Stipulation may not be modified, amended or terminated except by an instrument in writing signed by an authorized representative of each of the respective Parties.

9. <u>Representations by the Parties</u>.  The Parties acknowledge that they are entering into this Stipulation knowingly, freely and voluntarily and that the consideration received by each of them is fair and adequate.  The Parties represent and acknowledge that they have conferred with and are represented by, or have been given the opportunity to confer with or be represented by, independent legal counsel of their choice with respect to the Stipulation and all matters covered by or related to its subject matter.  The Parties declare that they fully understand all of the terms and provisions of this Stipulation and regard the same to be fair and reasonable.

10. <u>Successors and Assigns</u>.  All rights of each Party hereunder shall inure to the benefit of their respective successors and assigns, and all obligations of each Party hereunder shall bind the successors, assigns, heirs, administrators, executors, legal representatives, and estate of each Party.

11. <u>Authority of Signatories</u>.  The persons executing this Stipulation on behalf of each Party represent and warrant that they have the authority to do so.

12. <u>Non-Reliance and Construction</u>.  The Parties have decided to execute this Stipulation based on information developed independently and, except as otherwise set forth herein, not in reliance on representations of any other party and have consulted with or had the opportunity to consult with counsel of their choosing.  The Parties agree that each of them has had a full opportunity to participate in the drafting of this Stipulation and, accordingly, any claimed ambiguity shall be construed neither for nor against any Party.

13. <u>Jurisdiction</u>.  The Bankruptcy Court shall have exclusive jurisdiction to adjudicate matters arising under or in connection with this Stipulation.  Each of the Parties hereby irrevocably consents to the exclusive jurisdiction of the Court with respect to any action to enforce the terms and provisions of this Stipulation and expressly waives any right to commence any such action in any other forum.

14. <u>Counterparts</u>.  This Stipulation may be executed in one or more counterparts, including by facsimile or email attachment, each of which shall be deemed an original, but all of which together constitutes one and the same instrument.

[*Signature Pages to Follow*]

| | |
|---|---|
| **CHIPMAN BROWN CICERO & COLE, LLP** | **KING & SPALDING LLP** |
| */s/ Alan M. Root* | */s/ Christopher K. Coleman* |
| Alan M. Root (DE Bar No. 5427) | Christopher K. Coleman |
| Hercules Plaza | 1180 Peachtree Street, NE |
| 1313 N. Market Street, Suite 5400 | Suite 1600 |
| Wilmington, DE 19801 | Atlanta, GA 30309 |
| Tel: (302) 414-8906 | Tel: (404) 572-2786 |
| root@chipmanbrown.com | Christopher.coleman@ksalw.com |
| | |
| *Counsel to David W. Carickhoff as Chapter 7 Trustee* | *Counsel to the Axis Parties* |